CITY BUILDING & LOAN ASSOCIATION, *Appellant,* v. JOHN R. TATUM, *et al., Appellees.*

Opinion Filed May 19, 1914.

Where under the allegations of a bill of complaint in equity for reformation of a written instrument or other proper relief may be shown by appropriate evidence, interlocutory orders overruling a demurrer and granting and refusing to dissolve an ancillary injunction may not be reversed on appeal.

Appealed from Circuit Court for Hillsborough County; F. M. Robles, Judge.

Order affirmed.

*W. F. Himes, C. C. Whitaker, N. C. Begger* and *V. H. Knight,* for Appellant;

*J. J. Lunsford* and *T. M. Shackleford, Jr.,* for Appellees.

WHITFIELD, J.—Johnson R. Tatum, Bethel B. Tatum, Judson H. Tatum and Smiley M. Tatum brought a bill in equity against the City Building and Loan Association and J. B. Anderson, as trustee in bankruptcy of the Florida Investment and Security Company, a bankrupt corporation. It is among other matters alleged that on July 10, 1911, the Florida Investment and Security Company and the City Building and Loan Association entered into a written agreement stipulating that the investment and security company has theretofore assumed and agreed to pay certain indebtedness against certain property owned by the Building and Loan Association, embraced in designated mortgages and contracts; that to secure the indebtedness, the investment and security company had on or about March 14, 1911, made, executed and delivered to the Building and Loan Association warranty deeds to certain described property, and assigned and transferred to the Building and Loan Association certain described real estate mortgages and contracts, with provision for applying collections and making reconveyances when the debt is paid; that on July 22, 1911, the Florida Investment and Security Company, as principal and Johnson R. Tatum, Bethel B. Tatum, Judson H. Tatum and Smiley M. Tatum as sureties to indemnify the Building and Loan

Association against any breach of the contract aforesaid
or the failure of the collateral security to satisfy the in-
debtedness to the Building and Loan Association, exe-
cuted to the Building and Loan Association a penal bond
in $10,000.00, reciting the agreement of the investment
and security company to pay the above stated indebted-
ness, and stating the mortgages and contracts referred
to in said agreement, the condition of the bond being to
"well and truly pay the aforesaid described indebtedness
on the aforesaid described property of the City Building
and Loan Association;" that certain of the mortgages
"specified and described as liabilities of the Florida In-
vestment and Security Company in said contract, were
not and never have been liabilities of the said Florida In-
vestment and Security Company, as in the said contract
alleged and set forth" and that "it was not the intention
of the said Florida Investment and Security Company,
or its officers, nor the City Building and Loan Associa-
tion, or its officers, that the said Florida Investment and
Security Company should by said contract assume any
additional obligation to agree to pay or secure the pay-
ment of any liability against the property of the said
City Building and Loan Association, which the said
Florida Investment and Security Company was not
already and theretofore liable and obligated to pay;" that
"the said contract is not the contract or agreement in-
tended to be executed and delivered by the said Florida
Investment and Security Company and the said City
Building and Loan Association, but is the result of a
misapprehension and mistake as to the facts;" that the
supposed liabilities and obligations of the Investment
and Security Company to assume and pay off the indebt-
edness secured by mortgage upon the property of the
Building and Loan Association as enumerated in the said

contract and in said bond "arose out of the course of dealings theretofore and for about two years conducted between the said Florida Investment and Security Company, and the said City Building and Loan Association, whereby the said Florida Investment and Security Company, being engaged in the business of buying, improving and selling real estate had discounted, assigned and transferred to the said City Building and Loan Association several choses in action in the nature of contracts for the purchase of real estate executed by various persons to the said Florida Investment and Security Company, mortgages upon real estate and sale of such lands of the Florida Investment and Security Company to the City Building and Loan Association upon which mortgages were outstanding, some of which mortgages were by the said City Building and Loan Association agreed to be assumed and paid off, and some of which mortgages the said Florida Investment and Security Company agreed to pay off and satisfy, and for the purposes of securing the payment of said mortgage indebtedness by it the Florida Investment and Security Company agreed to be paid, the said Florida Investment and Security Company had on or about the 14th day of March, 1911, made, executed and delivered to the said City Building and Loan Association warranty deeds to several lots and parcels of real estate, situate, lying and being in Hillsborough County, Florida;" that actions have been brought against complainants on their said bond upon matters not intended by the parties thereto to be included in said bond. It is deemed unnecessary to make further statements from the lengthy pleadings. Reformation and accounting and ancillary injunctions are prayed.

An appeal was taken by the Building and Loan Association from orders granting a temporary injunction,

overruling a demurrer to the bill of complaint and refus-in to dissolve the injunction.

Upon a careful consideration of the transcript, it appears that under the allegations of the bill of complaint an equity for reformation or other proper relief may be shown and that an examination into at least some of the previous transactions and dealings of the parties may be appropriate in determining the merits of the controversy and that an injunction is apparently proper in enforcing the rights of the parties, and it is deemed equitable and just that the orders appealed from be affirmed so that the chancellor may order such an accounting as may be neces sary to a proper final adjudication.

Affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.